IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deneil Campbell, | ) | Case No.: 0:22-cv-1364-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 27.) Petitioner Deneil Campbell ("Petitioner" or "Campbell"), proceeding *pro se* and *in forma pauperis* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 action against respondent Warden of FCI Bennettsville ("Respondent" or "Warden") alleging a prison official violated his right to due process by planting a weapon in his cell resulting in him losing forty-one days of good time credits. (DE 1.) On July 19, 2022, the Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment, alleging Campbell's petitions should be dismissed because Petitioner failed to exhaust his administrative remedies. (DE 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Government's motion. (DE 17.) Petitioner filed a response in opposition on September 9, 2022, alleging a knife

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

was planted in his cell in retaliation for Petitioner seeking medical assistance during the Coronavirus pandemic. (DE 25.)

The Report was issued on December 27, 2022, recommending that Respondent's Motion to Dismiss be granted and the case be dismissed for failure to exhaust administrative remedies. (DE 27.) Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 27) and incorporates it herein.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss or in the alternative Summary Judgment (DE 16) is granted, and Petitioner's case is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 10, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.